UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANY REYES, ET AL. | CIVIL ACTION |
| v. | NO. 19-13975 |
| FAMILY SECURITY INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

This dispute arises from an insurer's payment of a fire-loss claim under a homeowner's policy. Dissatisfied with the amount paid, the insureds sued the insurer in state court. The insurer removed the case five months later. The insureds now move to remand, raising one issue: whether the insurer timely removed the case.

Manuel and Tiffany Reyes owned a Metairie, Louisiana home insured under a Family Security homeowner's policy. The policy limit was $850,000; it included $500,000 in dwelling coverage, $50,000 in other-structures coverage, $250,000 in personal-

property coverage, and $50,000 in loss-of-use coverage. The policy covered, among other risks, loss caused by fire.

In summer 2018, a fire damaged the home. The Reyeses reported the damage to Family Security, which sent an adjuster to estimate the loss. The adjuster said the fire caused $360,000 in damage under the policy's dwelling coverage. Family Security paid $290,000 under that coverage but nothing under the personal-property coverage.

In spring 2019, the Reyeses exchanged emails with Family Security's adjuster, offering "additional support" for their alleged losses under the personal-property coverage. No further payment followed.

So, on June 6, 2019, the Reyeses sued Family Security in state court. They alleged claims for breach of contract, intentional infliction of emotional distress, and bad-faith and negligent claims adjusting. They said Family Security "failed to tender sufficient payment" under the policy, including "fail[ing] to pay any proceeds due" under the personal-property coverage. They sought "property damages in the amount of [the] homeowner's policy limits," plus penalties and other damages. But they did not demand a specific sum or say that their damages exceeded the federal jurisdictional minimum. Compare LA. CODE CIV. PROC. art. 893(A)(1) (generally prohibiting a prayer for a specific amount of money

damages) with Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (holding that a plaintiff who wants the 30-day removal clock to begin to run from the defendant's receipt of the initial pleading must place in the initial pleading a "specific allegation" that damages exceed the federal jurisdictional minimum). Family Security was served with a copy of the petition on June 24, 2019.

On August 5, 2019, Family Security sent the Reyeses a single request for admission: Admit that "the amount in controversy does not exceed" the jurisdictional minimum. Family Security also moved the state court to reduce the time for the Reyeses to respond. The state court granted the motion and ordered the Reyeses to respond by August 20, 2019. They failed to do so.

Under Louisiana discovery rules, "[a]ny matter admitted" is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." LA. CODE CIV. PROC. art. 1468. Because the Reyeses failed to timely respond to Family Security's request for admission, the request was deemed admitted, and it was "conclusively established," as of August 20, 2019, that the federal jurisdictional minimum was not met. Id.

But Family Security sought further assurance. To block the Reyeses from later claiming the case was worth more than $75,000, Family Security moved the state court for an order deeming the request admitted. The state court set a November 4, 2019 hearing

3

on the motion; the Reyeses' counsel did not appear for the hearing or respond to the motion. The state court nonetheless continued the hearing to November 18, 2019.

On November 12, 2019, the Reyeses filed a brief opposing Family Security's motion. It confirmed that the Reyeses sought damages exceeding the federal jurisdictional minimum:

> Clearly, if Plaintiffs allege $850,000 in damages and they were only paid $289,396.37, Plaintiffs never vacated their position that the amount of their alleged losses and damages in the Petition for Damages exceeds the sum or value of $75,000, exclusive of interest and costs.

On November 18, 2019, for reasons unknown — and despite the Reyeses' counsel's failure to timely respond to the motion or appear for the original hearing — the state court denied Family Security's motion. The state court thus withdrew the jurisdictional facts that had been deemed admitted by operation of Louisiana Code of Civil Procedure Article 1468 more than two months earlier. So, as of November 18, 2019, it was no longer "conclusively established" that the amount in controversy was not met. For the first time since August 20, 2019, removal became a possibility. Family Security acted promptly.

Two weeks later, on December 2, 2019, Family Security removed the case on the basis of diversity. See 28 U.S.C. §§ 1332(a)(1), 1441(a). Family Security said, in its notice of removal, that (1) the petition did not "set forth" a claim satisfying the

4

jurisdictional minimum, and (2) it could not have "ascertained" the amount in controversy until November 12, 2019. See 28 U.S.C. § 1446(b). That is when it received an "other paper" allegedly establishing the amount in controversy: the Reyses' brief in opposition to Family Security's motion to have the request for admission deemed admitted. See 28 U.S.C. § 1446(b)(3).

Now, the Reyeses move to remand on the ground that removal was untimely. They say the 30-day removal period began to run on June 24, 2019, the date Family Security was served with a copy of the petition. Alternatively, they say Family Security had five "reasons" to "recognize" the amount in controversy was met more than 30 days before the December 2, 2019 removal. Family Security rejoins that removal was timely because it was accomplished within 30 days of its November 12, 2019 receipt of "other paper" in the form of the Reyses' opposition brief.

I.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995)). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved

5

in favor of remand.'" Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (quoting In re Hot-Hed, Inc., 477 F.3d 320, 323 (5th Cir. 2007)).

II.

The Reyeses contend that remand is required because the removal was untimely. The Court disagrees.[1]

A.

A defendant may remove a case from state to federal court if the case is within the federal court's original jurisdiction. See 28 U.S.C. § 1441(a). The parties agree that the Court has diversity jurisdiction.[2] See 28 U.S.C. § 1332(a)(1). They dispute whether removal was timely. See 28 U.S.C. § 1446(b).

B.

A defendant may remove a case within 30 days of receipt of "a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). If "the case stated by the initial pleading

---

[1] What should be a straightforward removal analysis is complicated considerably by the poor quality of the papers submitted and arguments made.

[2] The Reyeses are Louisiana citizens, and Family Security is a Hawai'i corporation with a principal place of business in Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs, because the Reyeses seek $560,603.63 in insurance proceeds allegedly available under the policy.

6

is not removable," a defendant may remove "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

C.

Invoking § 1446(b)(1), the Reyeses say the 30-day removal period began to run on June 24, 2019, when Family Security was served with a copy of the petition. Not so.

Section 1446(b)(1) applies "only when that [initial] pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman, 969 F.2d at 163. If a plaintiff wishes the 30-day period to begin to run from the defendant's receipt of the initial pleading, the plaintiff must "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." Id.

The Reyeses' petition did not "affirmatively reveal on its face" that the amount in controversy was met. Chapman, 969 F.2d at 163. It revealed only that the Reyeses sought "[p]roperty damages in the amount of" unspecified policy limits. It is of no moment that, as the Reyeses contend, Family Security "knew" of the policy's $850,000 limit. Chapman, 969 F.2d at 163. The Fifth Circuit's rule does not account for a removing defendant's "due

7

diligence" or "subjective knowledge." Id.; Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002). Neither matters. For the Fifth Circuit's is a "bright line rule" that "promotes certainty and judicial efficiency." Chapman, 969 F.2d at 163.

Critically, the Reyeses' petition lacked the "specific allegation" that damages exceeded the federal jurisdictional minimum. Id. The Reyeses had to make that "specific allegation" if they wanted the 30-day removal clock to begin to run upon Family Security's receipt of the petition. Id.; Mumfrey v. CVS Pharm., Inc., 719 F.3d 392, 400 (5th Cir. 2013).

Because the Reyeses' petition did not "affirmatively reveal on its face" that the amount in controversy was met, § 1446(b)(1) does not apply, and the 30-day removal period did not begin to run when Family Security received a copy of the Reyeses' petition. See Mumfrey, 719 F.3d at 400. The 30-day removal period was instead triggered when Family Security received a copy of an "amended pleading, motion, order, or other paper from which" it was first ascertainable that the case was removable. 28 U.S.C. § 1446(b)3).

D.

The Reyeses next contend that removal was untimely because Family Security had five "reasons" to "recognize" the case was removable more than 30 days before removal.

Although the Reyeses use the term "reasons," they appear to mean documents and correspondence. And although they do not use the appropriate statutory term, "other paper," they appear to contend that any of the following qualifies as "other paper" triggering the 30-day removal period:

(1) A claims adjuster's inspection report that Family Security received on July 18, 2018. The report described the home's interior as "completely damaged."

(2) An estimate and settlement of damages that Family Security prepared on August 31, 2018, which reflected a payment of $289,396.37 to settle the Reyeses' dwelling-coverage claim but no payment for the personal-property coverage claim.

(3) The Reyeses' March 26, 2019 submission of "additional support" for their claim for payment under the policy's personal-property coverage.

(4) Family Security's July 28, 2019 answer to the Reyeses' petition.

(5) An October 3, 2019 email exchange between counsel for the Reyeses and counsel for Family Security.

Items 1-3 are not "other paper." A document is not "other paper" unless it is received *after* the initial pleading, Chapman, 969 F.2d at 164. Family Security received items 1-3 *before* receiving the Reyeses' petition on June 24, 2019. So, none of these items triggered the 30-day removal period.

Nor is Item 4 — Family Security's answer — "other paper." "'Other paper' must result from the voluntary act of a plaintiff [that] gives the defendant notice of the changed circumstances [that] now support federal jurisdiction." Addo v. Globe Life and

9

Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) (citing S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996)). Family Security's answer did not "result from the voluntary act" of the Reyeses; it was created by Family Security and based on Family Security's subjective knowledge. Accordingly, Family Security's answer could not convert "a non-removable action into a removable one," S.W.S. Erectors, 72 F.3d at 494, and did not trigger the 30-day removal period.

Item 5 is an October 3, 2019 email from counsel for the Reyeses to counsel for Family Security. It reads:

> Shannon:
>
> We are not at a stage for settlement.
>
> Unless your client pays out the content claim, once we take all depositions, we will submit a demand. Frankly, your client hasn't paid a cent in contents after seeing over the limits lost in the fire [*sic*] so we believe there is an extremely credible bad faith claim. Your client has a duty to pay and it has failed miserably. We also have knowledge that your client is discriminating against my Hispanic client, so I look forward to exploring that as well.

This email presents a closer question. It is true that a post-complaint demand letter can qualify as "other paper." See Addo, 230 F.3d at 761-62. This is not that. In the email, counsel disclaims any intention of discussing settlement and declines to make a demand. Because the email is not a post-complaint demand letter, and the Reyeses fail to invoke any supporting authority or explain how the email could have otherwise caused Family Security

10

to "ascertain" that the amount in controversy was met, the Court finds that the email did not trigger the 30-day removal period. See Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 608-09 (5th Cir. 2018) (holding that information supporting removal in an "other paper" must "be unequivocally clear and certain" before the removal period begins to run).

Even if the email qualified as "other paper," however, the removal period would not have started to run. Recall the request for admission the Reyeses failed to timely answer.[3] That failure "conclusively establish[ed]" — from August 20, 2019 to November 18, 2019, the date the state court apparently allowed withdrawal of the admission — that the federal jurisdictional minimum was not met.[4] See LA. CODE CIV. PROC. art. 1468. Until that admission was withdrawn, the case could not be removed.

E.

Family Security removed the case on December 2, 2019, less than 30 days after the state court's November 18, 2019 withdrawal of the Reyeses' jurisdiction-destroying admission. The Court

---

[3] The two-month delay in answering a single request for admission smacks of jurisdictional gamesmanship.

[4] The Reyeses do not acknowledge this failure or address its effect on the "other paper" analysis.

therefore finds that, on this record,[5] removal was timely accomplished within 30 days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

III.

Accordingly, IT IS ORDERED: that the motion to remand is DENIED.

New Orleans, Louisiana, December 18, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Court emphasizes the parties' failure to adequately address the two issues central to the resolution of the motion: (1) whether the October 3, 2019 email, although not a post-complaint demand letter, qualifies as "other paper"; and (2) the effect of the Reyeses' admission — that the amount in controversy was not met — on the timeliness analysis under § 1446(b)(3).